**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
JAMEL K. SEMPER
UNITED STATES DISTRICT JUDGE

FRANK R. LAUTENBERG
POST OFFICE AND COURTHOUSE
NEWARK, NJ 07101
973-645-3493

January 24, 2024

VIA ECF

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

Re:    **L.B. o/b/o J.B., and L.B., individually v. Edison Board of Education**
       **Civil Action No. 21-20164**

Dear Litigants:

Before the Court are (1) Plaintiff L.B.'s ("Plaintiff" or "L.B.") First Motion to Alter Judgment and Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56 (ECF 14, 16), and (2) Defendant Edison Board of Education's ("Defendant" or "District") Cross Motion for Summary Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF 15.)

For the reasons set forth below, Plaintiff's Motion is **DENIED**. Defendant's Cross Motion for Summary Judgment on the Pleadings is **GRANTED.**

I.    BACKGROUND

      A.    THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

This matter arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* as an appeal from the Final Administrative Decision (the "Decision") of the Honorable Joseph A. Ascione, New Jersey Administrative Law Judge ("ALJ Ascione"), issued on August 25, 2021 granting Defendant's motion for summary decision and denying Plaintiff's claims that Defendant violated Plaintiff's right to a free appropriate public education ("FAPE"). (ECF 14-11.)

The IDEA provides federal funding to assist state and local agencies in educating disabled children. The purpose of the IDEA is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs . . . [and] to ensure that the rights of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400(d). Under the IDEA, public educational institutions must "identify and effectively educate" disabled students by providing a FAPE, or if not, "pay for their education elsewhere if they require specialized services that the public institution cannot provide." *P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 735 (3d Cir. 2009). A FAPE must consist of "educational instruction specifically designed to meet the unique needs of the [disabled] child, supported by such services as are necessary to permit

the child 'to benefit' from the instruction." *Ridley School Dist. v. M.R.*, 680 F.3d 260, 268–69 (3d Cir. 2012) (quoting *Bd. of Educ. of Hendrick Hudson Central Sch. Dist. v. Rowley*, 458 U.S. 176, 188–89 (1982)). To provide a FAPE, the school district must develop and administer an Individualized Education Program ("IEP") for each student who is classified as eligible for special education. *S.H. v. State-Operated Sch. Dist. of Newark*, 336 F.3d 260, 264 (3d Cir. 2003); *see C.H. v. Cape Henlopen Sch. Dist.,* 606 F.3d 59, 65 (3d Cir. 2010) ("The FAPE required by the Act is tailored to the unique needs of the child by means of an [IEP].").

Additionally, "[t]he IDEA establishes a private cause of action against a school district that fails to abide by its legal obligations." *Cape Henlopen*, 606 F. 3d at 66. In that regard, a "parent who believes that a school has failed to provide a FAPE may request [an administrative] hearing, commonly known as a due process hearing, to seek relief from the school district for its failure to provide a FAPE," and may appeal an adverse decision to federal district court. *Mary T. v. Sch. Dist. of Philadelphia*, 575 F.3d 235, 240 (3d Cir. 2009); *see Cape Henlopen*, 606 F.3d at 66.

In special education cases, the due process hearing is conducted by an Administrative Law Judge in New Jersey's Office of Administrative Law ("OAL"). *L.P. v. Edison Bd. of Educ.*, 626 A.2d 473, 477 (N.J. Super. Ct. 1993). Per the Rules of Practice and Procedure for Administrative Hearings before the Office of Administrative Law Judges, a party may move for summary decision, identifying each claim or defense—or the part of each claim or defense—on which summary decision is sought. The judge shall grant summary decision if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to decision as a matter of law. 29 C.F.R. § 18.72. The ALJ's decision on "the appropriateness of the IEP is final and binding on the parties and must be implemented without undue delay." *L.P.*, 626 A.2d at 477; *see* N.J.A.C. 6A:14–2.7(l).

### B.  Relevant Case History[1]

Plaintiff L.B. is the parent of J.B.  (ECF 3, Compl. ¶ 4.)  J.B. is classified as a "child with a disability" entitled to a FAPE under the IDEA. (*Id.* ¶ 5.)  Defendant Edison Township Public Schools is a "local educational agency" as that term is defined at 20 U.S.C. § 1401(19)(A), as it is the body corporate responsible for the conduct and supervision of the Edison Township Public Schools. Defendant, a public school system in the State of New Jersey, is a recipient of federal financial assistance from the United States Department of Education subject to the requirements of Section 504 and is a "public entity" subject to the requirements of Title II of the ADA under 42 U.S.C. §§ 12131, *et seq.* (*Id.* ¶ 8.)

As with nearly every other student in New Jersey during the COVID-19 pandemic, Plaintiff received virtual services provided by his out-of-district placement beginning on or around March 18, 2020. (Id. ¶ 32.) On June 12, 2020, L.B. filed petitions for emergent relief and due process hearings with the New Jersey Office of Special Education Programs ("OSEP"). The Emergent Relief petition was transferred to the OAL on June 16, 2020. (*Id.* ¶ 9; *see* ECF 16, Pl. MSJ at 4.) On June 17, 2020, the Honorable Jacob S. Gertsman, Administrative Law Judge, denied Plaintiff's request for emergent relief. (ECF 3, Compl. ¶¶ 10-13.) On June 18, 2020, Defendant graduated

---

[1] The facts and procedural history are drawn from the amended Complaint, (ECF 3) ("Compl."), Plaintiff's Motion for Summary Judgment and Plaintiff's Brief in Support of their Motion for Summary Judgment (ECF No. 14, 16) ("Pl. MSJ."), documents integral to or relied upon by the Complaint, and the public record.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

J.B. and issued his diploma. (*See* ECF 16, Pl. MSJ at 4.) On July 15, 2020, Plaintiff's Due Process Complaint was transmitted to the OAL. (*Id.*)

On June 9, 2021, ALJ Ascione permitted Defendant to move for summary decision. Plaintiff filed opposition papers to this motion on June 18, 2021. (*Id.*) On July 13, 2021, and August 5, 2021, conference calls were held between the parties and ALJ Ascione. On the August 5, 2021, conference call, the parties dispensed with oral argument. (ECF 3, Compl. ¶ 18.) On August 25, 2021, ALJ Ascione issued his Decision granting Defendant's Motion for Summary Decision and Denying Plaintiff's claim for compensatory education. (*Id.*)

On January 28, 2022, Plaintiffs filed their Amended Complaint alleging: (1) the ALJ committed legal error in finding that there was no substantive issue of material fact ("Count I"); (2) Plaintiff was deprived of due process rights set forth in the IDEA by the ALJ's summary decision ("Count II"); (3) Defendant failed to provide a FAPE throughout the duration of the New Road School's closure from March to June 2020 ("Count III"); and (4) Defendant violated J.B.'s right to a FAPE by refusing compensatory education for the period in which J.B. was the responsibility of the Edison School District ("Count IV"). (ECF 3, *Id.* ¶¶ 40-60.) Plaintiff requests, *inter alia*, that the Court (a) directs Defendant to provide J.B. compensatory education from March 17, 2020 to June 18, 2020; and (b) find that the Plaintiff is entitled to an award of reasonable attorney's fees and costs. (*Id.* at 13.)

On October 28, 2022, Plaintiff and Defendant filed the instant motions. The motions were filed with opposition. (ECF 15, 19.)

## II.   REVIEW OF AN ALJ'S DECISION UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATIONS ACT

### A.   STANDARD ON ADMINISTRATIVE APPEALS

This matter arises before this Court on appeal from ALJ Ascione's August 25, 2021, Final Decision. The IDEA provides that, when a Court reviews an administrative law judge's decision, the Court: (i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate. 20 U.S.C. § 1415(i)(2)(C).

The standard of review "under which this Court considers an appeal of a state administrative decision under the IDEA differs from that governing the typical review of summary judgment." *M.A. ex rel. G.A. v. Voorhees Twp. Bd. of Educ.*, 202 F. Supp. 2d 345, 359 (D.N.J. 2002), *aff'd*, 65 Fed. App'x 404 (3d Cir. 2003) (internal citations and quotations omitted). To that end, the Third Circuit has instructed district courts to apply a "modified version of de novo review" to cases brought under the IDEA. *Munir*, 723 F.3d at 430. Under this standard, although "the District Court must make its own findings by a preponderance of the evidence, the District Court must also afford 'due weight' to the ALJ's determination." *Mary T.*, 575 F.3d at 241 (citation omitted). "The 'due weight' standard requires the court to consider the factual findings from the administrative proceedings prima facie correct and, if the court fails to adopt those findings, it must explain its reasons for departing from them." *Id.* (quoting *Shore Reg'l High Sch. Bd. of Educ. v. P.S. ex rel. P.S.*, 381 F.3d 194, 199 (3d Cir. 2004)) (internal quotations omitted).

The purpose of the "due weight" standard is to prevent the courts from imposing their own "view of preferable educational methods on the states." *Rowley*, 458 U.S. at 207. Further, a district court must accept the state agency's credibility determinations "unless the non-testimonial,

extrinsic evidence in the record would *justify* a contrary conclusion." *Carlisle,* 62 F.3d at 529 (emphasis added). "[I]n this context, the word 'justify' requires that the applicable standard of review be essentially the same as that a federal appellate court applies when reviewing a trial court's findings of fact." *D.S. v. Bayonne Bd. of Educ.,* 602 F.3d 553, 564 (3d Cir. 2010) (citing *Shore Reg'l,* 381 F.3d at 194). Federal appellate courts review district courts' factual findings for clear error. *VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 283 (3d Cir. 2014). "A finding of fact is clearly erroneous when it is 'completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data.'" *Id.* (quoting *Berg Chilling Sys., Inc. v. Hull Corp.*, 369 F.3d 745, 754 (3d Cir. 2004)).

Where there is "no new evidence presented to the district court, . . . 'the motion for summary judgment is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record.'" *M.A. ex rel. G.A.*, 202 F. Supp. 2d at 359 (quoting *Hunger v. Leininger*, 15 F.3d 664 (7th Cir. 1994)). "[T]he party challenging the administrative decision bears the burden of persuasion before the district court as to each claim challenged." *Ridley*, 680 F.3d at 270. "Applying these standards, the district court may make findings 'based on the preponderance of the evidence[.]'" *Moorestown Twp. Bd. of Educ. v. S.D.*, 811 F. Supp. 2d 1057, 1064 (D.N.J. Sept. 15, 2011) (quoting *D.S. v. Bayonne Bd. of Educ.*, 602 F.3d 553, 564 (3d Cir. 2010)).

### B. ANALYSIS

ALJ Ascione's findings of fact are not clearly erroneous and the non-testimonial, extrinsic evidence in the record does not justify a contrary conclusion to ALJ Ascione's determination.

Whether the IEP was properly implemented by a school district is a question of fact. *D.S.*, 602 F.3d at 564. In reviewing the administrative record, this Court, therefore, gives due weight and deference to the ALJ's determination that Defendant provided J.B. with a FAPE. *See S.H. v. State–Operated Sch. Dist.*, 336 F.3d 260, 269–70 (3d Cir. 2003). As such, this Court declines to disturb ALJ Ascione's determination that Defendant provided J.B. with a FAPE to the greatest extent possible under the circumstances.

In New Jersey, once a student is determined to be eligible for special education and related services the local education agency ("LEA") must develop an IEP which establishes the rationale for a student's educational placement and serves as the basis for program implementation. N.J.A.C. 6A:14-1.3. In a typical due process hearing the school district has the burden to prove by the preponderance of the credible evidence that the proposed IEP was proper, and the child was provided a FAPE. N.J.S.A. 18A:46-1.1; N.J.A.C. 1:6A-14.1(d); *see Lascari v. Ramapo Indian Hills Reg'l Sch. Dist.*, 560 A.2d 1180, 1188 (N.J. 1989); *L.E. v. Ramsey Bd. of Educ.*, 435 F.3d 384, 391 (3d Cir. 2006). Under the IDEA there are two possible violations, procedural and substantive. The reviewing court must determine (1) whether the school district complied with the IDEA's procedural requirements and (2) whether the IEP was reasonably calculated to enable the child to receive a meaningful educational benefit. *Rowley*, 458 U.S. at 207; *D.S.*, 602 F.3d at 564.

In the instant case, Plaintiff argues J.B. was denied a FAPE because Defendant did not satisfy the requirements of J.B.'s IEP, a substantive violation. (ECF 16, Pl. MSJ at 20.) Specifically, Plaintiff asserts that J.B. was deprived a FAPE during the timeframe of March 17, 2020, through June 18, 2020, when "schools and districts were closed for in-person educational instruction and related services pursuant to Executive Order No. 104." (*Id*. at 19.) Plaintiff

contends during this period, the New Road School of Somerset distributed work packets to students and did not require digital logins for attendance. (ECF 3, Compl. ¶ 32.) Plaintiff further argues there are "no records to show that J.B. received the benefit of his special education or related services as outlined in his 2019-20 IEP for the period from March 17, 2020 to June 18, 2020." (ECF 16, Pl. MSJ at 6.) Finally, Plaintiff contends that Defendant failed to hold the recommended IEP meeting to discuss J.B.'s compensatory education prior to graduation. (*Id.* at 7.)

In rebutting a claim that a school district failed to implement an IEP, the school district must show that any deviations from the IEP were not substantial or significant failures (i.e., a meaningful failure), such that the child was not denied a meaningful educational benefit. *Melissa S. v. Sch. Dist.*, 183 F. App'x 184, 187 (3d Cir. 2006) (citing *Houston Indep. Sch. Dist. V. Bobby R.*, 200 F.3d 341, 349 (5th Cir. 2000)). *See also Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811, 822 (9th Cir. 2007). A meaningful failure means that the services provided to the child fell "significantly short of the services required by the child's IEP." *Van Duyn*, 502 F.3d at 822. Therefore, for a school district to defeat a claim that it failed to properly implement a child's IEP it must generally prove that:

> (1) the failure to implement [a substantial or significant provision of the IEP] was not a "complete" failure; (2) the variance from the special education and related services specified in the IEP did not deprive the student of a FAPE; and (3) the provision of special education and related services made meaningful progress toward the achievement of the specific goals stated in the IEP.

*Leighty v. Laurel Sch. Dist.*, 457 F. Supp. 2d 546, 554 (W.D. Pa. Oct. 12, 2006).

Here, ALJ Ascione determined Defendant did provide a FAPE to J.B. because Defendant implemented the IEP to the greatest extent possible under the circumstances between the timeframe of March 2020 and June 2020 and any loss in IEP services and educational opportunities were *de minimis*. (Decision at 9–10.) During this timeframe, guidance was issued by the Federal Department of Education in March 2020 and April 2020. This guidance dictated that despite the ongoing global health crisis, LEA's must continue to ensure that students with disabilities have equal access to the same opportunities, including the provision of FAPE. The Department of Education explicitly outlined that schools were required to ensure that "to the greatest extent possible, each student with a disability can be provided the special education and related services identified in the student's IEP."[2]

Plaintiff contends there is no evidence to support the ALJ's decision or to refute the claim that J.B. received any education that met the criteria of his IEP. This argument is unavailing primarily because ALJ Ascione rendered a final decision, based upon documentary evidence and exhibits presented by the parties, noting his findings of fact within his Decision. Notably, ALJ Ascione found, based upon his consideration of the documentary evidence presented and the absence of objection to the certifications from either counsel:

1. During the 2019-2020 school year, despite the COVID-19 public health crisis and

---

[2] US Dept. of Educ., *Questions and Answers on Providing Services to Children with Disabilities During the Coronavirus Disease 2019 Outbreak*, (Mar. 2020), https://sites.ed.gov/idea/files/qa-covid-19-03-12-2020.pdf.

school closures, the District offered services to J.B., through New Road School. (ECF 14-11, Decision at 9.)

2. J.B. was provided special education and related services and made "some educational progress" from March 2020 through June 2020, mainly through out-of-district specialized internships. (*Id*. at 9-10.)

3. Edison had "to the greatest extent possible" provided FAPE during the March 2020 to June 2020 period to J.B (*Id*. at 4.)

4. Defendant provided J.B. with a FAPE as evidenced through progress notes, logs, and reports generated by New Road and seen in J.B.'s Summary of Performance Report. (*Id.* at 10.)

5. Defendant convened a virtual study team evaluation of J.B. in June 2020, offering J.B. an extended school year during the summer of 2020, of which Plaintiff declined to take advantage. (*Id*. at 3.)

Plaintiff's arguments that the ALJ erred in finding that J.B. was denied a FAPE are unavailing. Much of Plaintiff's arguments are unsupported assertions and without more, this Court cannot justifiably depart from the ALJ's conclusions.

## III.    CONCLUSION

For the reasons stated above, the Defendant's Motion for Judgment on the Pleadings, (ECF 15), is **GRANTED**.  Plaintiff's First Motion to Alter Judgment and Motion for Summary Judgment, (ECF 14, 16), are **DENIED**.

**SO ORDERED.**

*/s/ Jamel K. Semper*_____
**JAMEL K. SEMPER**
**UNITED STATES DISTRICT JUDGE**

Orig:       Clerk
cc:         James B. Clark, U.S.M.J.
            Parties